UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF FLORIDA
(Pensacola Division)

| | | |
|---|---|---|
| INTELLIGENT MANAGEMENT SOLUTIONS, INC. d/b/a IMS EXPERT SERVICES<br>4400 Bayou Boulevard, Suite 6<br>Pensacola, Florida 32503, | : : : : | CASE NO.: 3:17-CV-116 |
| Plaintiff, | : | JUDGE: |
| v. | : | |
| VERINT SYSTEMS, INC.<br>175 Broad Hollow Road, Suite 100<br>Melville, New York 11747, | : : : | |
| and | : | |
| VERINT AMERICAS, INC.<br>175 Broad Hollow Road, Suite 100<br>Melville, New York 11747, | : : : | |
| Defendants. | : | |
| *Also serve:* | : | |
| Corporation Service Company<br>2711 Centerville Road, Suite 400<br>Wilmington, Delaware 19808 | : : | |

**COMPLAINT AND DEMAND FOR JURY TRIAL**

Now comes Plaintiff Intelligent Management Solutions, Inc. d/b/a IMS Expert Services ("IMS"), by and through undersigned counsel, and for its Complaint against Defendants Verint Systems, Inc. and Verint Americas, Inc. ("Verint Defendants") states as follows:

1.      At all times relevant hereto, Plaintiff IMS was and is a corporation organized under the laws of the State of Florida having its principal place of business in Pensacola (Escambia County), Florida.  Plaintiff IMS was and is in the business of providing consulting services to consumers.

2.      Defendant Verint Systems, Inc. is a corporation organized under the laws of the State of Delaware having its principal place of business in Melville, New York.

3.      Defendant Verint Americas, Inc. is a corporation organized under the laws of the state of Delaware having its principal place of business in Melville, New York. Defendant Verint Americas, Inc. is registered to conduct business as a foreign corporation in the State of Florida.

4.      The Verint Defendants are analytics corporations engaged in the business of selling and providing software and hardware products for security, surveillance, and business intelligence, including such services and products in the State of Florida.

5.      This Court has subject-matter jurisdiction over this action pursuant to 28 U.S.C. § 1332 because Plaintiff IMS and the Verint Defendants are citizens of different states, and the amount in controversy exceeds Seventy-Five Thousand Dollars ($75,000.00).

6.      This Court has personal jurisdiction over the Verint Defendants because they engage in substantial business activity within the State of Florida.  Personal jurisdiction is also proper because the Verint Defendants entered into the subject contract for expert services in the State of Florida.

- 3 -

7. Venue is proper under 28 U.S.C. § 1391 because the subject expert services contract as entered into in this judicial district, and Plaintiff IMS maintains its principal place of business in this judicial district.

8. On April 26, 2016, Plaintiff IMS and the Verint Defendants entered into a contract for the retention and use of an IMS subcontractor, DVI Communications, Inc. and Benedict Occhiograsso, as an expert for the Verint Defendants. A copy of the contract is being filed under seal pursuant to Local Rule 5.5 as **Exhibit A to Complaint.** Said contract provided IMS would be responsible for submitting all invoices and demands for payment on behalf of its subcontractor.

9. As consideration for the use of the expert, the Verint Defendants agreed to pay the expert's hourly rate and Plaintiff IMS's fees directly to Plaintiff IMS. The Verint Defendants also agreed to pay the hourly rate and IMS's fees for the expert's anticipated support staff, and they agreed to reimburse Plaintiff IMS for all reasonable expenses incurred by the expert.

10. Pursuant to the terms of the contract, Plaintiff IMS and the Verint Defendants agreed invoices would be presented to the Verint Defendants by Plaintiff IMS on a monthly basis, and payment would be due within thirty (30) days of the invoice date.

11. Pursuant to the terms of the contract, any dispute as to the amount or content of any invoice was to be brought to the attention of IMS within ten (10) days of issuance to Verint and/or its agent.

12. Pursuant to the contract, in the event of a dispute arising under the contract, the prevailing party is entitled to recover attorneys' fees and costs incurred in connection

with the dispute.

## COUNT I
## BREACH OF CONTRACT

13. Plaintiff IMS incorporates the allegations of Paragraphs 1 through 12 of the Complaint as Paragraph 13 of Count I of the Complaint, as if fully set forth below.

14. Pursuant to the terms of the contract, the Verint Defendants utilized the services of Plaintiff IMS's expert, Benedict Occhiogrosso of DVI Communications, Inc. ("Mr. Occhiograsso").

15. In connection with the expert services provided by Mr. Occhiograsso, Plaintiff IMS presented invoices to the Verint Defendants for payment for those services. Those invoices are for a total amount in excess of Seventy-Thousand Dollars and No Cents ($75,000.00), the jurisdictional limitations of this Court. Said invoices are being filed under seal pursuant to Local Rule 5.5 as **Exhibit B to the Complaint.**

16. These invoice represented the expert's fees and expenses, as well as Plaintiff IMS's fees, for the use of the expert by the Verint Defendants.

17. The Verint Defendants have failed and refused to pay the amounts owed under the aforementioned invoices and contract. Moreover, the Verint Defendants failed to timely submit notice of any challenge to the invoice amounts, as provided for in the subject contract.

18. As a result of the Verint Defendants' failure to pay the expert invoices, Plaintiff IMS has suffered and will continue to suffer damages, including monetary damages, interest, costs, and attorneys' fees.

## COUNT II
## UNJUST ENRICHMENT

19.  Plaintiff IMS incorporates the allegations of Paragraphs 1 through 18 of Count I of the Complaint as Paragraph 1 through 19 of Count II of the Complaint, as if fully set forth below.

20.  Plaintiff IMS provided the Verint Defendants with an expert for the Verint Defendants use, thereby conferring a benefit on the Verint Defendants.

21.  The Verint Defendants were aware Plaintiff IMS provided the expert, and the Verint Defendants utilized the services of the expert.

22.  The Verint Defendants have failed to pay Plaintiff IMS for the benefit of utilizing the subject expert.

23.  Under the circumstances, it would be unjust for the Verint Defendants to not compensate Plaintiff IMS for the benefit of utilizing its expert.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff IMS requests an award of compensatory damages in an amount equivalent to the debt owed as reflected by Exhibit B, plus prejudgment and post-judgment interest, attorneys' fees and court costs, and any additional relief to which Plaintiff IMS is entitled.

## REQUEST FOR TRIAL BY JURY

Plaintiff hereby requests a trial by jury on all issues so triable.

- 6 -

            Respectfully submitted,

            _____
            Brian P. Henry, Esq. (89069)
            Smith, Rolfes & Skavdahl Company, LPA
            1605 Main Street, Suite 1106
            Sarasota, Florida 34236
            Phone: (941) 684-0100
            Fax: (941) 684-0109
            Service: bhenry@smithrolfes.com
            srainwater@smithrolfes.com

            *Attorney for Plaintiff, Intelligent Management Solutions, Inc. d/b/a IMS Expert Services*